UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

$7,877.61 UNITED STATES CURRENCY,

                Defendant.
_____

DECISION & ORDER

09-CV-6306CJS

       The United States has commenced this civil forfeiture action under 21 U.S.C. § 881(a)(6). (Docket # 1). Claimant Harvey Bailey alleges that he earned the seized money lawfully, rather than through a narcotics sale, as the government maintains. (Docket # 4 at ¶¶ 17, 66, 76, 80; *see also* Docket # 16). Currently before this Court are three motions by claimant for the appointment of counsel. (Docket ## 18, 19, 23).

       As an initial matter, claimant does not meet the requirements for appointment of counsel in civil forfeiture actions under the Civil Assets Forfeiture Reform Act, 18 U.S.C. § 983(b).

       Additionally, it is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). The same factors apply where a claimant in a civil forfeiture case moves for the appointment of counsel. *See, e.g.*, *United States v. All Funds on Deposit in Any and All Accounts*, 2009 WL 2424337, *1 (E.D.N.Y. 2009).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

First, as noted by Judge Siragusa in his November 11, 2010 Decision (Docket # 10), claimant has not yet shown that he is indigent, a prerequisite for court-appointed counsel. Even assuming claimant is indigent, the allegations considered in light of the factors required by law, *see Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, do not weigh in favor of appointment of counsel at this time.

As stated above, an individual seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See Hodge v. Police Officers*, 802 F.2d at 58. Although the claimant argues that he earned the funds in question through lawful work rather than through narcotics dealing (Docket # 4 at ¶¶ 17, 66, 76, 80), he has not demonstrated that he will likely prevail.

Further, the remaining factors do not favor appointing counsel. Claimant may investigate the crucial facts in this case through discovery; indeed, some of the relevant facts may already have been developed through his criminal case. In addition, claimant appears capable of representing himself, as indicated by the well-organized arguments he has already submitted to the court. Finally, claimant's case does appear to require the need for extensive cross-examination or present any special reasons that would justify the assignment of counsel. It is therefore the Decision and Order of this Court that claimant's motions for the appointment of

counsel **(Docket ## 18, 19, 23)** are **DENIED without prejudice** at this time.  It is the claimant's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
        May   17  , 2012