UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

$7,877.61 UNITED STATES CURRENCY,

                Defendant.
_____

DECISION & ORDER

09-CV-6306P

        The United States of America initiated this forfeiture action on June 12, 2009, for the forfeiture of $7,877.61 in United States currency seized from Harvey Bailey ("Bailey") on June 30, 2008. (Docket # 1). Currently pending before the Court is the government's motion to compel responses to discovery demands and to extend the scheduling order. (Docket # 47). For the reasons discussed below, the government's motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

        On May 8, 2012, the government filed a motion to compel Bailey's responses to interrogatories and document requests. (Docket # 29). According to the government, it had served discovery demands on Bailey on February 23, 2012. (*Id.* at ¶ 5). At the time it filed its motion to compel, Bailey had not responded to the discovery demands. (*Id.* at ¶ 7).

        On July 12, 2012, the Court conducted a status conference with the parties to address the pending motion to compel. (Docket # 37). The Court directed the government to

attempt to narrow and clarify its discovery demands and directed the parties to confer regarding Bailey's responses to those amended demands. (Docket # 36).

On July 23, 2012, the government served amended interrogatories and discovery requests. (Docket ## 38-41). On September 18, 2012, Bailey's responses to these demands were filed with the Court. (Docket # 42). On or about January 14, 2013, this Court received a copy of a letter from the government suggesting that the parties had reached a resolution of the matter. (Docket # 46). Accordingly, the Court issued a Decision and Order denying without prejudice to renewal the government's pending motion to compel. (*Id.*).

On April 12, 2013, the government renewed its motion to compel. (Docket # 47). According to the government, the parties reached a settlement agreement on January 14, 2013 during a telephone conference. (*Id.* at ¶ 17). Based upon this agreement, the government cancelled a scheduled deposition and provided settlement documents to Bailey for his execution. (*Id.* at ¶¶ 17-18). According to the government, as of the filing of the motion to compel, despite repeated requests by the government, Bailey had not executed and returned the settlement documents. (*Id.* at ¶¶ 20-26). The government now seeks to renew its motion to compel and is requesting an extension of the deadlines contained in the scheduling order. (*Id.* at ¶ 27). Bailey has not opposed the motion.

Subsequent to the filing of the motion to compel, the government filed a motion to dismiss the action under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Docket # 49). The government seeks an order dismissing its action and directing the government to return the seized funds to Bailey "less any debt that [Bailey] owes to the United States or any agency of the United States, or any other debt that the United States is authorized to collect under the

Department of the Treasury's Treasury Offset Program." (Docket # 54 at 2). That motion is pending.

## DISCUSSION

Rules 33(b)(2) and 34(b)(2)(a) of the Federal Rules of Civil Procedure provide that responses to discovery requests must be provided within 30 days of service. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(a). According to the docket, the government served amended interrogatories and document requests on July 23, 2012. (Docket ## 38-41). The government maintains that it received responses to those demands from Bailey on August 27, 2012, although those responses were not filed with the Court until September 18, 2012. (Docket ## 42; 47 at ¶ 9). The government has not identified any deficiencies in Bailey's responses. Accordingly, its motion to compel is denied. To the extent the government contends that Bailey's responses are deficient, the government must identify the specific deficiencies and confer with Bailey regarding those deficiencies prior to seeking relief from the Court.

In the event that the government still wishes to extend the current scheduling order, the government is directed to confer with Bailey and submit a proposed amended scheduling order by no later than **April 7, 2014**.

## CONCLUSION

For the reasons stated above, the government's motion to compel and for an extension of the scheduling order **(Docket # 47)** is **GRANTED in part and DENIED in part** as set forth above.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March   25  , 2014