UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

$7,877.61 UNITED STATES CURRENCY,

                Defendant.
_____

DECISION & ORDER

09-CV-6306P

        Currently pending before the Court is a motion filed by the United States (hereinafter, "plaintiff") for an order striking the answer and claim filed by claimant Harvey Bailey (hereinafter, "claimant") on the grounds that claimant failed to appear for his deposition and "refused to complete the settlement of the case" despite extensive negotiations. (Docket # 57). Claimant has not specifically opposed the motion, although he has opposed a subsequent show cause order issued by this Court and motion for summary judgment filed by plaintiff. (*See* Docket ## 64, 66, 78).

        Plaintiff filed this action on June 12, 2009, seeking the forfeiture of $7,877.61 in United States currency seized from claimant on June 30, 2008. (Docket # 1). Throughout the litigation, claimant has represented himself *pro se*. The original scheduling order has been extended twice, most recently on April 4, 2014. (Docket ## 22, 44, 56). Pursuant to the latest order, the deadline for completion of fact discovery was May 30, 2014, and the deadline for filing dispositive motions was September 5, 2014. (Docket # 56).

I.      **Settlement Negotiations in 2011 and 2012**

In a conference with this Court on November 6, 2012, the parties advised that they had begun to engage in settlement negotiations. In a further conference on December 13, 2012, the parties advised that claimant had child support debts in excess of the amount at issue in this case. Plaintiff's counsel also indicated her intent to depose claimant, and claimant informed the Court that he could come to Rochester from Elmira for his deposition.

On December 18, 2012, plaintiff served claimant with a Notice of Deposition for January 18, 2013. (Docket # 57-1, Exhibit ("Ex.") A). On January 14, 2013, plaintiff's counsel sent a letter to claimant cancelling the scheduled deposition "[s]ince we have reached an agreement for the resolution of his case." (*Id.* at Ex. B). A Stipulation for Settlement was enclosed with the letter. (*Id.*).[1] Despite apparent assurances from claimant that he would sign the documents, he returned a bank account document necessary to effectuate the settlement, but counsel never received an executed Stipulation, despite having provided numerous copies to claimant. (*Id.* at Exs. C, D, E, G). Eventually, by letter dated November 26, 2013, claimant advised plaintiff's counsel that he did not wish to settle unless he could "get a sum of money in my own pocket mailed directly to me" without being applied towards his child support obligations. (*Id.* at Ex. J).

By letter to this Court dated April 4, 2014, plaintiff's counsel submitted a proposed Second Amended Scheduling Order that was agreeable to both parties. (*Id.* at Ex. L). The letter confirmed plaintiff's intention to depose claimant. (*Id.*). The Court accepted the

---

[1] Indeed, on January 29, 2013, this Court denied without prejudice to renewal a motion to compel filed by plaintiff based upon its understanding that the parties had reached a resolution and were in the process of finalizing a stipulation. (Docket # 46). When counsel did not receive the executed Stipulation from claimant, plaintiff renewed its motion on April 12, 2013. (Docket # 47). The motion was ultimately denied on the grounds that plaintiff had not identified any deficiencies in claimant's discovery responses. (Docket # 55).

parties' proposal, and issued an amended scheduling order. (Docket # 56). The scheduling order has not been amended since.

II. **Reinitiation of Settlement Negotiations and Claimant's Non-Appearance for May 23, 2014 Noticed Deposition**

In compliance with that scheduling order, plaintiff noticed claimant's deposition for May 2, 2014, in the United States Attorney's Office in Rochester, New York. (Docket # 57-1, Ex. M). On April 24, 2014, claimant telephoned this Court's chambers to advise that he could not come to Rochester for the deposition. This Court's Law Clerk advised claimant to discuss the matter with opposing counsel to determine whether a solution could be devised. Claimant was further directed that if his discussions with counsel were unsuccessful in resolving the problem and he wanted relief from the Court, he should seek such relief expeditiously because the deposition was scheduled for the following week.

According to plaintiff's counsel, claimant left a telephone message for her on April 24, 2014, stating that he did not have the funds to travel to Rochester for the deposition. (Docket # 57 at ¶ 20). By letter and voicemail message the next day, counsel told claimant that he needed to appear for the scheduled deposition, noting that a court reporter had been hired and that "[f]ees will be incurred whether or not you appear." (Docket # 57-1 at Ex. N). The letter further acknowledged that claimant had indicated in his voicemail message that he would like to resolve the case and noted that "[a]ny money returned to [claimant] . . . will be paid first toward [his] child support debts and [he] will receive a credit." (*Id.*). Counsel invited claimant to call her if he "wish[ed] to further discuss this matter." (*Id.*).

On May 1, 2014, claimant contacted plaintiff's counsel and informed her that he would not appear for his deposition the next day. (*Id.* at ¶ 21). According to counsel, claimant

further stated that he would settle the case if certain language were removed from the proposed Stipulation for Settlement. (*Id.*). Counsel agreed to remove the language, and later that day wrote this Court to advise that claimant had indicated that he would not be able to appear for his deposition, but was willing to settle the case on terms acceptable to plaintiff. (*Id.*, Ex. O). Counsel requested that the Court conduct a recorded telephone conference with the parties later that day so that claimant could confirm his intent to settle the case and explained that the reason for the request was that claimant had a history of failing to execute settlement agreements despite verbal agreements to do so. (*Id.*).

The Court agreed to conduct a recorded telephone conference as requested on May 1, 2014, but counsel for plaintiff cancelled the call. As she explained in a letter to the Court the following day, with a copy to claimant:

> Th[e] settlement was in essence to return the monies to [claimant] provided he knew that they would be applied to an outstanding child support debt owed by him to Chemung County Department of Social Services.
>
> Later in the afternoon [of May 1, 2014], I became aware of some conflicting information about the debts owed by [claimant] and therefore my office was not willing to settle in light of certain clarification we need from the Chemung County Department of Social Services. However, today we have confirmed the debt and will continue to endeavor to settle the case.
>
> [Claimant] had called my office a number of times in the past few weeks asking to postpone the May 2nd deposition indicating that he was having difficulty traveling to Rochester. We have now postponed the deposition to May 23, 2014 at 1:00 p.m. in the U.S. Attorney's Office, Rochester, New York. If [claimant] signs and returns the settlement documents by May 19, 2014, we will cancel the deposition.

(Letter from Assistant United States Attorney Mary Clare Kane to Hon. Marian W. Payson, dated May 2, 2014). Plaintiff's counsel also wrote claimant directly enclosing the revised

Stipulation for Settlement and a Notice of Deposition for May 23, 2014.  (Letter from Assistant United States Attorney Mary Clare Kane to Claimant, dated May 2, 2014).

Claimant neither returned the executed Stipulation, nor appeared for his deposition.  According to counsel, she left messages for claimant each day of the week of May 23rd informing him that he needed to appear for his deposition and asking him to contact her, but claimant never contacted her.  (Docket # 57 at ¶ 23).  Plaintiff's counsel and the court reporter were present for the scheduled deposition on May 23, 2014.  (*Id.*).

Approximately ten days later, plaintiff filed the instant sanctions motion.  (*Id.*).  Claimant still had not contacted her.  (*Id.* at ¶ 24).  The Court issued a motion scheduling order requiring claimant to respond to the motion by June 27, 2014.  (Docket # 59).  The Order explicitly warned claimant that if he failed to respond on or before June 27, 2014, "appropriate sanctions may be imposed, including an order dismissing the action and awarding judgment in favor of plaintiff."  (*Id.*).  Claimant filed no response to the pending motion by the June 27, 2014 deadline.

### III.   Order to Show Cause

Following claimant's non-appearance at his noticed deposition and failure to respond to the pending motion, this Court issued an order requiring claimant to show cause why his claim should not be dismissed.  (Docket # 60).  In a letter received by this Court on July 10, 2014, claimant advised that he was currently incarcerated, was "unable to get the fare to get to Rochester" and was "willing to settle only if [he] ha[d] to."  (Docket # 62).  In response, plaintiff's counsel advised the Court that she learned that claimant had been arrested on June 1,

2014, but had been at liberty prior to that date, including on May 23, 2014, the date of his noticed deposition. (Docket # 63).

Claimant has not disputed that he was at liberty on the date of his scheduled deposition, but urges the Court not to dismiss his claim "just because [he] can't afford to pay the bus fare to Rochester New York" and could not arrange transportation through family or friends. (*See* Docket ## 64, 66). With respect to the issue of settlement, claimant stated:

> We did speak about me settling this last time and I did agree, mainly because [counsel] told me that I will not win this case. And that she was going to use her smoking guns upon me, but also if I did not have to say or agree to that stipulation that all those people had "probable cause" I would si[gn]. But she did not do that.

(Docket # 64). Contrary to claimant's account, the record shows that the language to which he objected was removed from the proposed Stipulation sent to him for execution. (Docket # 57-1, Ex. P). Claimant nonetheless did not execute the Stipulation.

IV.   Discussion

The specific relief that plaintiff seeks – an order under Rule 37 of the Federal Rules of Civil Procedure striking claimant's answer and claim and entering judgment in favor of plaintiff – is foreclosed by controlling Second Circuit law. The Second Circuit has repeatedly affirmed that the most extreme Rule 37 sanction of dismissal may not be imposed against a *pro se* litigant without a showing that he or she has been warned of the consequences of non-compliance with discovery obligations, including the possibility of dismissal. *See*, *e.g.*, *S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) ("[e]ven the most severe Rule 37 sanctions may be imposed even against a plaintiff who is proceeding *pro se*, *so long as* a warning has been given that noncompliance can result in a sanction) (internal quotation omitted and

emphasis added); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[d]ismissal of a *pro se* litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal") (internal quotation omitted); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal") (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 766 (2d Cir. 1990), *cert. denied*, 499 U.S. (1991)). Consistent with this settled authority, motions seeking a sanctions order of dismissal on the grounds that the *pro se* litigant did not appear for a noticed deposition are routinely denied where the litigant had not been warned in advance that non-appearance could result in dismissal. *See*, *e.g.*, *Velazquez v. Vermont Dep't of Corr.*, 2009 WL 819445, *2 (D. Vt. 2009) (declining to order dismissal where *pro se* plaintiff failed to appear for deposition or respond to written discovery requests but "ha[d] not yet been warned that his failure to participate in discovery might result in the dismissal of his case"); *Burke v. Miron*, 2009 WL 952097, *1 (D. Conn. 2009) ("defendants note, correctly, that [*pro se*] plaintiff is a prolific and experienced litigator in this district[;] [n]onetheless, in light of Second Circuit precedent requiring a clear warning to *pro se* litigants in such circumstances, the court recommends that the defendants' motion to dismiss be denied").

    Plaintiff's motion papers inexplicably ignore this clear and controlling law in favor of non-binding authority from the Ninth Circuit. In addition, plaintiff's motion papers do not address the fact that there is no record evidence that claimant was ever warned about the possible consequences of non-appearance for his deposition.[2] Indeed, had this Court ignored the

---

[2] Claimant did not appear for a status conference with the Court on June 12, 2012; the conference was rescheduled and claimant was warned about the consequences of failing to appear for that rescheduled conference. (Docket # 34). He did appear telephonically for the rescheduled appearance and has appeared for all other conferences with the Court. (*See* Docket ## 20, 37, 43, 45).

7

four-factor test generally employed by the Second Circuit[3] and granted plaintiff the requested relief, the dismissal likely would have been reversed on appeal.  In sum, plaintiff's failure to cite controlling, dispositive caselaw, as well as its decision to request an order of dismissal in the face of such authority, is troubling.

That said, claimant has clearly and willfully violated his discovery obligations. He was required to comply with plaintiff's properly-issued Notice by appearing in Rochester for his scheduled deposition.  He was told by this Court's Law Clerk that he needed to seek relief from the Court if he could not resolve with plaintiff's counsel his problems in traveling to Rochester.  He did not do so.  Rather, he simply did not appear for the re-noticed deposition on May 23, 2014.  He did not contact plaintiff's counsel in advance or following the deposition to address the issue, and did not return counsel's repeated calls during the week before the deposition.  In addition, claimant's frequent refusals to return settlement agreements despite his purported assent thereto strongly suggests that his negotiation strategy was designed more to delay the litigation than to resolve it.  Although claimant claimed not to have the funds to purchase the modestly-priced bus fare from Elmira to Rochester, he had earlier represented to the Court that he could travel to Rochester and he has not explained why he was unable to arrange transportation with a friend or family member despite having three weeks' advance notice.  Nor

---

In addition, this Court's June 9, 2014 motion scheduling order did warn claimant that failure to respond could result in sanctions, including dismissal. (Docket # 59).  That warning was several weeks after his failure to appear for his noticed deposition.  Moreover, it is unclear whether claimant received the motion scheduling order prior to the deadline for responding since claimant was evidently arrested on June 1, 2014 and incarcerated thereafter.  He has since responded to this Court's Order to Show Cause and plaintiff's motion for summary judgment.

[3]  As the Second Circuit recently reaffirmed, "in 'evaluating a district court's exercise of discretion' to impose sanctions pursuant to Rule 37, we have relied on factors including:  (1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S.E.C. v. Setteducate*, 419 F. App'x at 24 (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302).

has he explained why, despite his purported transportation obstacles, he failed to seek relief from this Court excusing him from appearing in Rochester.

In sum, the Court is constrained by controlling authority to deny plaintiff's request at this time for an order striking claimant's answer and claim. *See Velazquez v. Vermont Dep't of Corr.*, 2009 WL 819445 at *2 ("[a]bsent a specific request for alternative sanctions, the [c]ourt declines to impose such sanctions at this time"). However, claimant is directed to appear at the United States Attorney's Office in Rochester, New York, on a date and time to be set by plaintiff's counsel by written Notice to be served by no later than **March 31, 2015**, which shall warn claimant of the consequences of non-compliance.[4]  **Claimant is further warned that any failure to appear for the noticed deposition without permission of this Court will result in an order striking claimant's answer and claim and entering judgment in favor of plaintiff, and any other appropriate sanctions.**

## CONCLUSION

For the reasons stated above, plaintiff's motion for an order striking the claim and answer of claimant **(Docket # 57)** is **DENIED without prejudice**. The parties are directed to comply with the instructions set forth in the preceding paragraph.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 20, 2015

---

[4] Plaintiff may choose not to depose claimant and to request the Court to decide the pending motion for summary judgment. Counsel shall advise this Court by no later than **March 31, 2015** if plaintiff would like the Court to make a determination on that motion without considering any deposition testimony by claimant. However, plaintiff will not be permitted to depose claimant following determination of the motion, in the event that such determination is adverse to plaintiff.